UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BRUCE MAURICE WILLIAMS, | Case No. 17-CV-0267 (DSD/FLN) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| CAPELLA UNIVERSITY; DR. GEORGE R. FRANKS, PHD; DR. LYNN HACKSTAFF, PHD; DR. JOHN GERTZ, PHD, | |
| Defendants. | |

In October 2016, plaintiff Bruce Maurice Williams, acting pro se, filed a lawsuit against defendant Capella University in the United States District Court for the Northern District of Florida. *See Williams v. Capella University*, No. 1:16-CV-0325-MW-GRJ (N.D Fla. filed October 18, 2016). Williams later amended his complaint to also include defendants George R. Franks, Lynn Hackstaff, and John Gertz, three professors at Capella University. In that amended complaint, Williams alleged that he had been dismissed from a doctorate program at Capella University on unlawful and discriminatory grounds and that Franks had defamed him by telling other students and professors that Williams had not invented a cure for sickle cell anemia. Williams sought $64,000 in damages, along with specific injunctive relief in the form the awarding of a doctorate from Capella University.

In a Report and Recommendation dated December 12, 2016, Magistrate Judge Gary R. Jones recommended dismissal with prejudice of Williams's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Williams v. Capella University*, 2016 WL 7733974 (N.D. Fla. Dec. 12,

2016). With respect to the federal discrimination claims, Judge Jones noted that Williams had failed to state a claim on which relief may be granted. *Id*. at *2-3. Judge Jones also suggested that Williams had not pleaded a viable claim of defamation, both because he had not alleged that the statement by Franks was untrue and because he had not plausibly claimed that he had been damaged by the allegedly defamatory statement. Judge Jones ultimately concluded that the state-law defamation claim should be dismissed because the court lacked subject-matter jurisdiction over the claim. Unlike the discrimination claims, Williams's defamation claim did not arise out of the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331, and although Williams had alleged that he was a citizen of a different state than the defendants, he also sought only $64,000 in monetary damages — less than the $75,000.01 required by 28 U.S.C. § 1332(a) for original jurisdiction on the basis of diversity of citizenship. *Id*. at *4-5.

　　Accordingly, it was recommended that the action be dismissed. Although Judge Jones had relied upon the court's lack of subject-matter jurisdiction for dismissing the defamation claim, it was also recommended that the complaint be dismissed with prejudice in full. *Id*. That recommendation was adopted in full by District Judge Mark E. Walker, and the lawsuit was dismissed with prejudice.[1] *See Williams v. Capella University*, 2017 WL 113058 (N.D. Fla. Jan. 11, 2017).

---

[1]The order originally adopting the Report and Recommendation stated that the lawsuit would be dismissed *without* prejudice. *See Williams v. Capella University*, 2017 WL 113058 (N.D. Fla. Jan. 11, 2017). Judge Walker later withdrew this order, clarified that the dismissal without prejudice had been a scrivener's error, and ordered that the action be dismissed *with* prejudice. *See id*., ECF Nos. 13 & 14.

Williams now brings a nearly identical lawsuit in this District. Indeed, the bulk of Williams's factual allegations have been copied mechanically from the amended complaint submitted to the Northern District of Florida that was dismissed with prejudice.[2] *Compare* Compl. at 4 [ECF No. 1] *with Williams*, No. 1:16-CV-0325, ECF No. 7 at 4. Again Williams alleges that he was removed from the Capella University doctorate program for unlawful reasons, and again Williams alleges that Franks defamed him by saying that he had not discovered a cure for sickle cell anemia. The only relevant differences between the amended complaint dismissed in the Northern District of Florida and the present complaint are that (1) Williams now affirmatively alleges that "[w]hat Dr. Franks said about the plaintiff not finding the cure for Sickle cell disease is false," Compl. at 4 (spelling corrected); and (2) Williams now seeks "$80,000.000"[3] in compensatory relief and unspecified punitive damages, *id.* at 5.

The doctrine of *res judicata* bars repetitive suits involving the same causes of action. *See, e.g.*, *C.I.R. v. Sunnen*, 333 U.S. 591, 597 (1948). "A court must consider three elements to determine whether res judicata will bar a party from asserting a claim: 1) whether the prior judgment was entered by a court of competent jurisdiction; 2) whether the prior decision was a final judgment on the merits; and 3) whether the same cause of action and the same parties or their privies were involved in both cases." *Lundquist v. Rice Memorial Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001). The discrimination claims raised by Williams in this action are a quintessential

---

[2]Williams did not pay the filing fee for this action but instead applied for *in forma pauperis* ("IFP") status, thus bringing his complaint within the screening provisions of § 1915(e)(2)(B). Because it is recommended that this action be dismissed, it is also recommended that the application to proceed IFP be denied.

[3]It is not clear whether Williams seeks 80 *thousand* dollars or 80 *million* dollars.

example of claims barred by res judicata. Not only are these causes of action and parties the same as the previous action, but the bulk of the factual allegations are literally identical, having been copied from the earlier complaint. The Northern District of Florida had jurisdiction over the federal discrimination claims, and those claims were dismissed with prejudice by that court. Simply put, Williams cannot relitigate claims that have already been considered and dismissed with prejudice in another federal court of competent jurisdiction. Because *res judicata* bars those federal claims, they must be dismissed once again.

Whether Williams's state-law defamation claim is also barred by *res judicata* is a trickier question. Judge Jones noted that the allegations pleaded by Williams were likely insufficient to state a claim on which relief may be granted for defamation, but he ultimately concluded that the defamation claim should be dismissed for lack of subject-matter jurisdiction, as the claim did not present a federal question and Williams sought only $64,000 in damages for that claim, less than the jurisdictional threshold established by § 1332(a). *See Williams*, 2016 WL 7733974, at *5; 28 U.S.C. § 1332(a). Although the entirety of the Northern District of Florida amended complaint was dismissed with prejudice, "a dismissal for lack of subject matter jurisdiction must be *without* prejudice." *Polaski v. Colorado Dep't of Transp.*, 198 Fed. App'x 684, 686 (10th Cir. 2006).

By alleging that he has suffered more than $75,000 in damages, Williams has sought to correct the jurisdictional defect upon which Judge Jones recommended dismissal of the defamation claim. *See* Compl. at 5. That said, "[a] judgment dismissing an action for lack of jurisdiction ordinarily has no preclusive effect on the cause of action originally raised, but it does have a preclusive effect on matters actually litigated." *Tucker v. Secretary of Health and Human Servs.*, 588 Fed. App'x 110, 114 (3d Cir. 2014); *accord North Georgia Elec. Membership*

*Corp. v. City of Calhoun, Georgia*, 989 F.2d 429, 433 (11th Cir. 1993). The issue of whether the federal courts had subject-matter jurisdiction over the defamation claim pleaded by Williams was fully litigated to judgment in the Northern District of Florida. "Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merits so as to make the case *res judicata* on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980).

*Dozier v. Ford Motor Co.*, 702 F.2d 1189 (D.C. Cir. 1983), is illustrative. In *Dozier*, a *pro se* litigant brought a claim sounding in state law in the United States District Court for the Eastern District of Virginia requesting $7,000 in actual damages and $1,000,000 in punitive damages. At the time, § 1332(a) required that a claim premised on diversity jurisdiction place more than $10,000 in controversy. The Virginia court concluded that punitive damages were unavailable for the claims and dismissed without prejudice for lack of subject-matter jurisdiction. After exhausting his direct appeals, the litigant filed a nearly identical lawsuit in the United States District Court for the District of Columbia, this time alleging $16,400 in actual and $1,000,000 in punitive damages. The court dismissed the complaint, finding that the doctrine of *res judicata* precluded relitigation of whether the claim placed more than $10,000 in controversy.

The D.C. Circuit affirmed the dismissal. The Eastern District of Virginia had determined that the litigant's claim was insufficient to invoke § 1332(a), and "where jurisdiction is at issue a plaintiff is held to his own representations regarding damages just as regarding everything else."

*Dozier*, 702 F.2d at 1191. Nor was the inadequate damage claim a "curable defect" that could be overcome through repleading:

> The curable defect exception applies where a precondition requisite to the court's proceeding with the original suit was not alleged or proven, and is supplied in the second suit — for example, the Government's filing of an affidavit of good cause in a denaturalization proceeding, proper service of process, or residency adequate to invoke diversity jurisdiction. What all these cases have in common is that the jurisdictional deficiency could be remedied by occurrences subsequent to the original dismissal. The deficiency pertained to a fact (filing of affidavit, service of process or present residence) separate and apart from the past and completed transactions that constituted the cause of action.

*Id.* at 1192 (quotations and citations omitted).

This case is substantially similar to *Dozier*. Williams alleged — in fact, he alleged in two separate pleadings — that he was entitled only to $64,000 should his claims be vindicated in the Northern District of Florida. The Florida court rightfully found that this was insufficient to establish jurisdiction based on diversity of citizenship. Now, based on the *exact same factual allegations*, Williams seeks recovery in an amount greater than the jurisdictional threshold. But the question of the court's subject-matter jurisdiction based on those allegations has already been decided unfavorably to Williams. The doctrine of *res judicata* precludes him from relitigating the issue in this District.

In any event, even if the Court had jurisdiction over Williams's defamation claim, it would nevertheless recommend dismissal. An action will be dismissed when an applicant to proceed *in forma pauperis*, such as Williams, has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim

on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Pro se* complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Judge Jones examined Williams's defamation claim as a matter of Florida law. *See Williams*, 2016 WL 7733974, at *4. "A claim for defamation under Florida law requires a private plaintiff to prove the following elements: (1) a false or defamatory statement concerning the plaintiff; (2) published by the defendant to a third party; and (3) the plaintiff suffered actual damages as a result of the publication." *Id.* (citing, inter alia, *Jews for Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1106 (Fla. 2008)). The amended complaint filed in the Northern District of Florida failed at prongs one and three:

> In this case, although Plaintiff claims Defendant Franks told the class that Plaintiff did not discover the cure for Sickle Cell anemia, Plaintiff does not allege that Defendant Franks' statement was false. Rather, Plaintiff alleges only that he has a patent pending with the USPTO. Notably, the amended complaint is devoid of any information as to the subject of the patent application how the patent application has any connection to Defendant Franks' statement.

> Plaintiff also does not plausibly allege that he suffered actual damages as a result of the publication. . . . Although Plaintiff claims Defendant Franks embarrassed him and emotionally abused him, it is unclear whether the alleged embarrassment and emotional abuse derived from Defendant Franks' statement or from Defendant Franks' general treatment of Plaintiff with respect to his Ph.D.

*Williams*, 2016 WL 7733974, at *4.

The Court agrees with this analysis with respect to Florida law and the defamation claim as pleaded in the Northern District of Florida. That said, because Minnesota law might also be found to apply to the defamation claim (the statement at issue was uttered in Minnesota), this Court will analyze the claim under Minnesota law. "The elements of defamation require the plaintiff to prove (1) that the statement was false; (2) that it was communicated to someone besides the plaintiff; and (3) that it tended to harm the plaintiff's reputation and lower him in the estimation of the community." *Keuchle v. Life's Companion P.C.A., Inc.*, 653 N.W.2d 214, 218 (Minn. Ct. App. 2002). Under Minnesota law, "[i]mputations concerning one's business, trade, or profession are actionable per se, without proof of actual damages." *Id*. Because the statement that Williams had not cured sickle cell anemia arguably relates to Williams's business, trade, or profession, this Court will assume that allegations relating to actual damages are unnecessary under Minnesota law, unlike Florida law.

Still, Williams must not only allege, but *plausibly* allege, that the statement was false. As explained by Judge Jones, the allegations regarding Williams's patent do not plausibly demonstrate the falsity of the statement that he had not cured sickle cell anemia. *See Williams*, 2016 WL 7733974, at *4. Further, although Williams pleads that the statement "is false and defamatory," Compl. at 4, this allegation is entirely conclusory and therefore by itself not

enough to render the extraordinary claim that he had cured a disease.  There are no facts pleaded in the complaint from which a reasonable factfinder could conclude that the statement made by Franks was false.  Accordingly, applying either Minnesota law or Florida law, Williams has failed to state a claim on which relief may be granted.

As in Florida, however, jurisdictional defects preclude this Court from recommending dismissal of the defamation claim on the merits of the complaint.  That the defamation claim does not satisfy § 1332(a) is now res judicata.  That jurisdictional finding necessitates dismissal of the defamation claim for lack of subject-matter jurisdiction, while the earlier dismissal with prejudice of the federal discrimination claims requires dismissal of those claims as well.  Accordingly, it is hereby recommended that this matter be dismissed — the federal-law claims with prejudice, and the state-law claim without prejudice for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be SUMMARILY DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B), as follows:

   a. The claims raised under federal law be dismissed with prejudice.

   b. The defamation claim raised under state law be dismissed without prejudice for lack of subject-matter jurisdiction.

2. The application to proceed *in forma pauperis* of plaintiff Bruce Maurice Williams be denied.

Dated: March 6, 2017                    _s/Franklin L. Noel_
                                        Franklin L. Noel
                                        United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.